# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| CHRISTINE COMAS et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 10-04085-CV-C-FJG |
| | ) |
| KEITH SCHAEFER, et al., | ) |
| | ) |
| Defendants. | ) |

# ORDER

The parties recently contacted the Court regarding a discovery dispute. The Court finds that a teleconference is unnecessary and hereby rules as follows.

The discovery which is at issue are interrogatories 1-6 of plaintiffs' Amended Discovery Requests. Interrogatories 1 and 2 seek the identities of mental health professionals who treated the three preliminary injunction plaintiffs and information about their credentials, training and experience. Interrogatories 3 and 4 seek the identities of any sign language interpreters who interpreted for the preliminary injunction plaintiffs and information about their credentials and training. Interrogatories 5 and 6 seek comparable information about mental health professionals and sign language interpreters in the employ of two of DMH's "administrative agents" - BJC Behavioral Health ("BJC") and Burrell Behavioral Health ("Burrell").

Defendants state that they cannot produce the requested information because it is not within their custody or control. Defendants state that plaintiffs are asking the Court to compel them to obtain information from non-parties. Defendants state that

plaintiffs can obtain the information they are seeking through subpoenas or depositions. Defendants state that they will answer the interrogatories but only for employees of DMH or DSS only. Defendants object to answering interrogatories because plaintiffs Gilmartin and Comas have not been treated by mental health professionals at DMH or DSS facilities, but at Life Enhancement Village and Burrell, providers with whom DMH has a contract. Defendants also object to answering interrogatories 3 and 4 (relating to interpreters) because it states that there are no interpreters who are DMH or DSS employees. Interpreters are provided through contracts with independent agencies. Finally they object to interrogatories 5 and 6 because they do not consider any BJC or Burrell employees to be DMH or DSS employees.

Fed.RCiv.P. 34(a)(1) states, "[a] party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control."

The Form Contract which the DSS and DMH have with its Administrative Agents states:

> Department shall have the right to enforce all applicable clauses by appropriate procedures, including but not limited to, requests, reports, site visits and inspection of relevant documentation of the contractor. . . ."[t]he contractor shall maintain auditable records for all activities performed under this contract."

It further states that such records include information as to number and type of service units and clients, client progress and other relevant records. The contractor shall submit itemized reports, records and information at the request of the Department. It also states that the Department is allowed "to inspect and examine the contractor's

2

premises and/or records which relate to the performance of the contract at any time." (Form Contract with Aministrative Agents §§ 4.11.1(c), 4.12.1 and 4.12.2.

In <u>Prokosch v. Catalina Lighting, Inc.</u>, 193 F.R.D. 633 (D.Minn. 2000), the Court stated, "federal courts have consistently held that documents are deemed to be within the possession, custody or control for purposes of Rule 34 if the party has actual possession, custody or control, or has the legal right to obtain the documents on demand." <u>Id</u>. at 636 (internal citations and quotations omitted). In <u>McElgunn v. CUNA Mutual Group</u>, Civ. No. 06-5061-KES, 2008 WL 2717872 (D.S.D. July 10, 2008), the Court stated:

> A party has an obligation to conduct a reasonable inquiry into the factual basis of its responses to discovery and, based on that inquiry, a party responding to the production request is under an affirmative duty to seek that information reasonably available to it from its employees, agents, or others subject to its control. . . . Significantly, control may be established by the existence of a principal-agent relationship or pursuant to a contractual provision.

<u>Id</u>. at *2 (internal citations omitted).

Based on the contractual provisions which are contained in the Form Contract, the Court finds that defendants have control over the documents which the plaintiffs are requesting. Therefore, the Court hereby overrules defendants' objections to plaintiffs' Interrogatories 1-6. Defendants shall respond to plaintiffs' interrogatories within ten days from the date of this Order.

Date: 07/21/10　　　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　Chief United States District Judge