# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

Christine Comas et al., )
)
      Plaintiffs, )
) No. 2-10-cv-04085-MJW
v. )
)
Keith Schafer, Director, et al. )
)
      Defendants. )

**PLAINTIFFS' REPLY SUGGESTIONS IN SUPPORT
OF THEIR MOTION FOR ATTORNEYS' FEES**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................... ii

I.     AN OVERVIEW: DEFENDANTS' OPPOSITION, SEEKING A 78.2% REDUCTION IN THE PRINCIPAL FEE CLAIM, DOES NOT SQUARE WITH THE FACTS OF THE CLAIM AND FLOUTS THE CASE LAW ............ 1

II.    PLAINTIFFS' PRINCIPAL FEE CLAIM OF $872,120, IF APPROVED, WOULD BE A REASONABLE FEE FOR THE ATTORNEYS' WORK THE CLAIM ENTAILS ................................................................. 3

     A.    The Countable Fee Claim Hours Are Reasonable ......................... 3

     B.    The Requested Hourly Rates Are Reasonable ........................... 11

III.   CONCLUSION ........................................................... 13

# TABLE OF AUTHORITIES

**CASES**

*Blum v. Stenson*, 465 U.S. 886 (1984) .................................... 11

*City of Riverside v. Riviera*, 477 U.S. 561 (1986) ........................ 9, 10

*Denesha v. Farmers Ins. Exch.*, 976 F. Supp. 1276 (W. D. Mo. 1997),
    aff'd as to fees, *161 F.3d 491 (8th Cir. 1998)* ............................ 7

*Fair Isaac Corporation v. Experian Information Solutions*, 650 F.3d 1139
    (8th Cir. 2011) .......................................................... 7

*Greenpoint Credit LLC v. Missouri Department of Revenue*, 2008 WL 151369
    (E.D. Mo. 2008) ...................................................... 4

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) ................................ 2, 3

*Hiltibran v. Levy*, 2011 WL 5008018 (W.D. Mo. 2011) .................... 12, 13

*King v. Turner*, 2007 WL 1219308 (D. Minn. 2007) ........................ 11

*Missouri v. Jenkins*, 491 U.S. 274 (1989) .................................. 11

*Philipp v. ANR Freight Sys. Inc.*, 61 F.3d 669 (8th Cir. 1995) ................ 7

*Rode v. Dellarciprete*, 892 F.2d 1177(3d Cir. 1990) ........................ 4

*Turner v. Gonzalez*, 2007 WL 4911223 (D. Minn. 2007) .................... 8

*Waters v. Astrue*, 2011 WL 1883995 (W.D. Mo. 2011) .............. 4, 5, 6, 7, 9

*West v. Mathews Int. Corp.*, 2001 WL 3904100 (E.D. Mo. 2011) ............ 7, 8

**STATUTES**

29 U.S.C. §794a .......................................................... 11

42 U.S.C. §12205 ......................................................... 11

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

Christine Comas et al., )
)
      Plaintiffs, )
) No. 2-10-cv-04085-MJW
v. )
)
Keith Schafer, Director, et al. )
)
      Defendants. )

**PLAINTIFFS' REPLY SUGGESTIONS IN SUPPORT
OF THEIR MOTION FOR ATTORNEYS' FEES**

I. **An Overview: Defendants' Opposition, Seeking a 78.2% Reduction in the Principal Fee Claim, Does Not Square with the Facts of the Claim and Flouts the Case Law.**

1. Defendants' responsive memorandum ("Def. Mem.," Doc. 135) to Plaintiffs' Motion for Attorney's Fees ("Fee Motion," Doc. 128) begins by declaring that "[p]laintiffs' current attorney's fees [claim] total[s] $1,142,855 which includes 2995 hours expended by counsel." Def. Mem. at 1. This declaration is paired with one that, of the 2995 hours defendants maintain plaintiffs seek compensation for, their counsel have submitted time records for many fewer, "substantiat[ing] [only]" 2527.9 hours, Def. Mem. at 1. *But see id.* at n. 1 (suggesting 2701 hours "substantiate[d]").

2. These paired declarations are erroneous, meaning that they cannot be squared with the facts of plaintiffs' principal fee claim ("fee claim," covering the period from the pre-filing inception of the litigation through February 10, 2012[1]). The opening and concluding paragraphs of the Fee Motion state that the fee claim is $872,120, a sum $270,735 and 23.7% *lower* than what defendants say it is. And the Statement, Ex. A to the Fee Motion (Doc. 128-1), establishes that the "countable fee claim hours" (sometimes, "fee claim hours," the number of hours of work for which counsel seek

---

[1] Pursuant to the Settlement Agreement (Doc. 122) at §VI.2(e), plaintiffs' are filing, with these Suggestions, a supplemental fee claim for the period since February 10, 2012.

compensation) total 2287.2, 707.8 hours and 23.7% *lower* than what defendants say they are (2995). Finally, the Statement (Columns D and E) and plaintiffs' time records (Ex. C to Fee Motion, Doc. 128-3-6),show that plaintiffs' fee claim hours (2287.2) are 10% *lower* than their lodestar hours (2541), *all* of which are documented by the time records themselves. Moreover, the fee claim hour total reflects the exclusion of more than 700 hours of hours expended on the litigation as "excessive, redundant, or otherwise unnecessary,"*Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (collectively "excessive"), *see* Suggestions in Support of Fee Motion ("Suggestions," Doc. 129) at 5-8, 11-13 and §II.A.2 below(reviewing the methodology employed in arriving at the fee claim, including the exclusion of excessive hours).

3. Defendants barely acknowledge plaintiffs' exclusion of more than 700 hours of time as excessive. They say only "[w]hile plaintiffs' counsel has proposed variation [sic varied?] percentage reductions to compensate for excessiveness and redundancy, analysis of . . . [the] claimed hours demonstrates that those proposed percentages simply do not go far enough." They then proceed to propose indiscriminate cuts in plaintiffs' fee claim hours on the ground that, notwithstanding plaintiffs' own exclusion of more than 700 hours as excessive, the countable fee claim hours remain "excessive and redundant." Def. Mem. at 7, *see id.* at 7-15; *id.*, Ex. A (Doc. 135-1) at 1.

4. Defendants take a meat cleaver to the Fee Motion. While they never formally request a specific dollar or percentage reduction to the fee claim, or denominate what a "reasonable fee" for plaintiffs would be, they come close to doing both in Def. Mem., Ex. A at 1, when, having argued that Ms. Eckles should not be compensated for *any* of her time, they multiply the number of "suggested hours" (1086) they say should be compensated for plaintiffs' designated class counsel (Mssrs. Lehrer, Chackes, Ammann) by the flat hourly rate ($175.00) they urge for them. Defendants thereby arrive at

a proposed award for plaintiffs of $190,050 (=1086 hours x $175 hourly rate), a sum representing a stunning 78.2% reduction from the fee claim ($872,120).

5.  As discussed more fully below, the distinguishing feature of the plea for a 78.2% reduction in plaintiffs' fee claim, to $190,050, is that defendants offer no explanation for it beyond conclusory and generalized assertions that gargantuan reductions to both the fee claim hours and the requested hourly rates are appropriate. They do not even offer a rule of thumb, such as a standard percentage reduction factor applied to the fee claim hours, descriptive if not explanatory of their methodology. (At Def. Mem., Ex. A at 1, the fee claim hours are thus subject to widely varying percentage reduction, from 62.4% to 28.6%, the variations being unexplained). Defendants' plea thereby flouts the case law, discussed in the Suggestions and below. In this context, the most likely explanation for the methodology accompanying defendants' plea for a $190,050 fee award is that it was "reverse engineered." Defendants wishfully hoped for an award of under $200,000 to plaintiffs, and once they settled upon $175 as the hourly rate for plaintiffs' counsel, it remained only for them (indiscriminately) to reduce the fee claim hours by enough to hit the below $200,000 target.

## II. Plaintiffs' Principal Fee Claim of $872,120, If Approved, Would Be a Reasonable Fee for the Attorneys' Work the Claim Entails

To mount their assault on the fee claim of $872,120, defendants assail both the fee claim hours (2287.2), *see* Statement at Column E, and the requested rates, *see id.* at Column F, as "excessive." Def. Mem. at 5, 7. But both are eminently reasonable.

### A. The Countable Fee Claim Hours Are Reasonable.

To meet their burden, fee claimants must submit evidence supporting the hours for which compensation is sought. *Hensley,* 461 U.S. at 433. Claimants must also make a "good faith effort to

3

exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary," *id.* at 434. Once the claimants meet this burden, however, "the party opposing the fee award then has the burden to challenge, by affidavit or brief with *sufficient specificity* to give fee applicants notice, the reasonableness of the requested fee [including that the hours sought to be compensated are unreasonable]," *Rode v. Dellarciprete,* 892 F.2d 1177, 1183(3d Cir.1990)(emphasis added). *Accord, Waters v. Astrue,* 2011 WL 1883995 *2 (W.D. Mo 2011) (Whitworth, Magistrate Judge) ("generalized" objections to fee requests are not credited), discussed at §II.A.1, 3, 4 below; *Greenpoint Credit LLC v. Missouri Department of Revenue,* 2008 WL 151369 *12 (E. D. Mo. 2008) ("defendants may not rely on generalities in opposing the amount of fees").

Defendants' challenge to plaintiffs' fee claim hours (Def. Mem. at 7-15) is entirely undone by their failure to recognize that plaintiffs have more than met their burden to show the reasonableness of these hours, while defendants themselves have failed to meet their burden to counter that showing with *specific* evidence or argument establishing that the hours are unreasonable.

1. As in *Waters v. Astrue* 2011 WL 1883995 *2, "a review of the record in this case shows plaintiffs' counsel have submitted a well-documented and detailed explanation of hours expended on this case," see Suggestions at Ex. B (counsel's declarations) and C (counsel's time records), and the "explanation of hours expended [as set forth in the declarations and time records] in conjunction with the arguments of . . . counsel set forth in . . . [their] motion for attorney fees [including supporting memoranda] . . . adequately supports that the hours billed by counsel in this case were for labor reasonably expended." Defendants do not seriously argue otherwise. *See* Def. Mem. at 2 (acknowledging that Mssrs. Lehrer, Chackes and Amman "described . . . in . . . detail . . . [their] work"); §II.A.5.a below (hours of lawyers affiliated with Mr. Kennedy's office not challenged); Def.

4

Mem., Ex. A at 161( challenging documentation of fee claim hours only for 18.1 hours said to be block-billed, but not arguing for reduction in the fee claim on this basis).

2. As plaintiffs' "well documented and detailed explanation" (*Waters*, 2011 WL 1883995 *2 ) of their fee claim hours satisfies their prima facie burden to submit evidence supporting the hours for which fees are claimed, so plaintiffs more than fully account for all even arguably excessive hours that they may have expended on the litigation. *See* Suggestions at 5-6 and Statement at Columns C and D (explaining and showing that to arrive at their lodestar hours, plaintiffs excluded as excessive 453.6 or 15.1% of their 2995 expended hours); Suggestions at 6-7 and Statement at Columns D and D (explaining and showing that, to arrive at their fee claim hours, plaintiffs excluded, as a "safety margin" reduction, 254.1 or 10% of their 2542.4 lodestar hours). As to the 10% reduction, that encompassed hours in four categories: hours that this Court might deem excessive(notwithstanding the prior excessive hour reduction of 15.1%); inadequately documented hours; hours that should be reduced based on one or more of the *Johnson* factors; travel time hours, which are sometimes compensated at lower hourly rates than compensable work otherwise, *see* Suggestions at 7. Significantly, plaintiffs took the position (*id* at 12-13) that these four categories were empty sets. Equally significantly, defendants largely agree with this position as to all but the excessive hour category.[2] These concessions mean that all or substantially all of the 707.8 hour difference between plaintiffs' 2995 "expended hours" (Statement, Column C) and 2287.2 fee claim hours (*id.*, Column E) are ones that defendants thereby acknowledge are hours plaintiffs themselves have excluded as

---

[2] As noted (§II.A.1 above), defendants do not seek any reduction in plaintiffs' fees based on inadequately documented hours. Similarly, they do not argue that the *Johnson* factors warrant hours reduction and take the position (Def. Mem. at 7) that the billing rate for counsel's travel time should be the same as for their compensable work otherwise.

"excessive" in arriving at their fee claim. To prevail on their plea for a fee award of only $190,050 to plaintiffs, defendants must therefore show that the number of excessive hours hugely exceed the 707.8 hours already excluded as excessive under plaintiffs' own methodology. *See* Def. Mem., Ex. A at 1 (acknowledging as much, by basing their plea for a reduction in the fee claim to $190,050 on this Court's reducing plaintiffs' compensable hours to 1086 from 2287.2, the latter total that, as explained, already reflecting the exclusion of 707.8 hours as excessive; 2287.2 hours less 1086 hours =1201.2 additional "excessive"hours defendants want to exclude)

3. Far from making the prodigious and *specific* showing required of them, as described in §II.A.2 above, defendants offer only conclusory and general assertions and "suggestions" that the fee claim hours are excessive and so should be drastically reduced. *See e.g.*, Def. Mem. at 10 ("patently excessive"); *id.* at 11, 13 ("should be reduced"); *id.* at 11, 14 ("suggest" reductions); *id.* at 11 ("patently unreasonable"); *id.* at 13 ("should [only] be reimbursed"); *id.* Ex. A at 1 (no explanation for "Suggested Hours"). Such generalized objections cannot conceivably carry the day. *Waters,* 2011 WL 1883995 *2 (declining to reduce a fee claimant's hours, defendant having offered only "generalized arguments that the time expended was excessive, . . . giv[ing] the court little guidance for determining what hours were not reasonably expended"); *("properly documented . . .* fees which are reasonably expended are to be granted; the court may not 'eyeball' the fee request and cut it down by any arbitrary percentage because it *seems excessive*") (emphasis added).

4. Defendants appeal to a district court's "'wide discretion in making a fee award determination.'" Def. Mem. at 3 (citation omitted). A district court does have discretion in making fee awards. But its discretion extends only to proper consideration of all "'relevant factors,'" to a refusal to consider "'irrelevant or improper factor[s],'" and to fair consideration of "'all proper factors,

6

and no improper ones.'" *Fair Isaac Corporation v. Experian Information Solutions*, 650 F.3d 1139, 1152 (8th Cir. 2011) (citation omitted). It has no discretion to make the type of "eyeballing" cuts in carefully documented hours defendants urge. *Waters,* 2011 WL 1883995 *2.

5. The infirmities described in §II.A.1-4 cut across defendants' particularized challenges to the 10 "categories" of work *(e.g.,* Ms. Eckles' time, "Discovery," "Mediation/Settlement efforts") into which they divide the fee claim hours. *See* Def. Mem. at 4-5, 8-15, Def. Mem. Ex. A at 1 (denominating nine categories of "work performed," making Ms. Eckles' time the tenth). This means that defendants' challenge to plaintiffs' countable fee claim hours may and should be rejected without regard to the individual infirmities attending one or more of these (ten) categories. However, as these infirmities offer alternative grounds for rejecting defendants' challenge, they are reviewed here.

a. <u>Ms. Eckles' time.</u> Defendants seek the exclusion of *all* of Ms. Eckles time (81.8 hours) as "purely redundant," Def. Mem. at 4, "duplicative of that of [other] class counsel," *id.* In support of this plea, they cite three cases. In *Philipp v. ANR Freight Sys. Inc.* 61 F. 3d 669 (8th Cir. 1995), the district court excluded as compensable the time of a third chair at trial based upon a specific finding that her time was "unnecessary to present . . . [a] case which "involved . . . straightforward legal and factual issues." 61 F. 3d at 675. Similarly, in *Denesha v. Farmers Ins. Exch.,* 976 F. Supp. 1276, 1291 (W. D. Mo. 1997), *aff'd* as to fees, 161 F. 3d 491, 501 (8th Cir. 1998), the court excluded the trial time (only) of a third chair attorney at trial, again based upon a specific finding that, as " the issues in the case were not . . . complex," a third attorney at trial was unnecessary. 976 F. Supp. at 1291. Neither case therefore helps defendants here, where the issues presented were neither "straightforward" nor simple, and defendants have made no showing remotely sufficient to support a factual finding that Ms. Eckles' time was duplicative. *See* §I.A.3 above. As to *West v. Mathews Int. Corp.,* 2011 WL 3904100 (E.D. Mo.

7

2011), the court there excluded as duplicative a mere 14.4 hours of 182.2 hours claimed (2011 WL 3904100 *4). It therefore hardly supports a plea for the exclusion of *all* of Ms. Eckles time in this complex case. And *see id.,* 2011 WL 3904100 *4 ("Non-compensable duplication does not occur when both attorneys work together to complete tasks and the record indicates that each attorney added substantial value to the work product"); *Turner v. Gonzalez,* 2007 WL 4911223 *5 (D. Minn. 2007)("It is certainly not an example of overstaffing when another attorney 'pitches in' because a primary attorney seeks assistance or is otherwise occupied").

Further, defendants do not object to any of the fee claim hours (52.7) for plaintiffs' attorney Thomas E. Kennedy, III and his associates. *See* Statement at Column F.[3] But Ms. Eckles was brought into the case (in January 2011 only, as defendants note, Def. Mem. At 4) to replace Mr. Kennedy, a more senior attorney billing at a higher hourly rate, because he (Mr. Kennedy) was unable actively to participate in the case any longer owing to other demands on his time. Defendants offer no explanation for objecting to *none* of Mr. Kennedy's time, or that of his associates, but objecting to *all* of the time of his lower priced successor (Ms. Eckles).

b. <u>Time in the Work Categories</u> Of the more than 1100 fee claim hours defendants propose to exclude from the nine work categories in Def. Mem, Ex. A, at 1 (plaintiffs assuming *arguendo* the correctness of defendants' fee claim hours division among these categories) most (993) are hours excluded from: Discovery (249 hours excluded); Drafting of Pleadings (247 hours excluded); Communications/Work with Expert (40 hours excluded); Mediation/Settlement Efforts (209 hours

---

[3] Defendants also do not specifically dispute the requested hourly rates for Mr. Kennedy and his associates. *See* Def. Mem. At 7 ( disputing requested billing rate for Mssrs. Lehrer, Chackes, and Ammann only). The claim for Mr. Kennedy's office ($17,410) is therefore uncontested.

8

excluded); Attorney Fee Claim (55 hours excluded); Meetings-Other (*i.e.*, plaintiffs' counsel conferences) (82 hours excluded); Research (111 hours excluded).

Defendants' exclusionary plea as to these seven work categories fails, as explained, for its failure to offer more than "generalized arguments that the time expended was excessive." *Waters,* 2011 WL 1883995 *2. But the plea fails for an independently sufficient reason, which is that the substance, difficulty, and quality of the corresponding work plaintiffs' counsel undertook makes the number of fee claim hours in each category reasonable.

The proof is mostly in the relevant pleadings and other papers.

Discovery  Exhibit B hereto includes the bulk of Defendants' Interrogatories and Requests to Produce to Plaintiffs and Plaintiffs' Written Responses thereto. This Court's review of these papers (exceeding 400 pages) will reveal defendants' written discovery to be extremely expansive and, for this and other reasons, extremely burdensome, requiring an enormous amount of time on plaintiffs' counsel's part to respond to it in accordance with the facts, the discovery rules and the case law. To be sure, it was defendants' prerogative to fight hard in this litigation, by tendering expansive and burdensome discovery. But "'[t]he government cannot litigate tenaciously and then be heard to complain about the time necessarily spent in response,'" *City of Riverside v. Riviera,* 477 U.S. 561, 580, n. 11 (1986) (citation omitted). In this context, when the time necessary to prepare plaintiffs' more modest written discovery to defendants (Ex. A hereto) is taken into account, the 399 fee claim hours defendants include in the Discovery category is relatively modest.

Drafting of Pleadings, Including Research  The principal pleadings and other court filings that plaintiffs' counsel researched and wrote (or, as to the Status Reports and the Agreement, were principally responsible for writing) include the following: Complaint and Amended Complaint (Docs.

9

1, 9); Motions and Memoranda Relating to Next Friends and Guardians (Docs 2, 23, 47); Preliminary Injunction Motion and Memoranda (Docs.3, 31)  Class Motions and Memoranda (Docs. 16, 17, 34, 100); Rule 26(f) and Status Reports (Docs. 21, 38, 46, 93, 110, 118); Agreement (Doc. 122). This Court's review of these filings, particularly the 45 page Complaint, attest to the complexity of the legal and factual issues here and the quality of plaintiffs' counsel's work. 462 countable fee claim hours for such work is reasonable. By the same token, 211 hours for "Research," most of which was undertaken in connection with these filings is also reasonable.

Communications/Work with Expert  Exhibit C hereto is the 71 page single spaced Report of Prof. Robert Pollard, plaintiffs' principal expert. (This report was never filed with the Court, but was served upon defendants who later took Prof. Pollard's deposition). The length and quality of this report easily justifies the 140 fee claim hours plaintiffs' counsel spent familiarizing Prof. Pollard with the issues in the case and plaintiffs' litigation theories, reviewing for him defendants' responses to plaintiffs' discovery (including voluminous documents), responses he later utilized in his report, and answering his many questions about the named plaintiffs and defendants' policies and practices.

Mediation/Settlement Efforts, Including Fees.  This Court is familiar with the detailed 35 page Settlement Agreement (Doc. 122), which it has praised. The Agreement was the product of dozens of drafts (either internal or exchanged between the parties) and numerous (again dozens) of conferences among plaintiffs' counsel or between plaintiffs' and defendants' counsel, as well as four lengthy Rule 16 conferences with the Court. In this context, when defendants were--as was their prerogative-- tenacious bargainers in the settlement process they cannot now complain about the 483 hours in the Mediation/Settlement category. *See City of Riverside*, 477 U.S. at 580, n. 11. Nor can they complain about the 115 hours in the Attorney Fee Claim category, these hours being ones that plaintiffs spent,

10

not in litigating the "fee claim" as such, but attempting to negotiate a settlement of this claim and, when that effort failed, negotiating the fee provisions eventually included in the Agreement. (In this context, the number of hours in the Attorney Fee Claim category evidenced that the fee issue was the most contentious of the issues the parties addressed in the settlement negotiations, as measured by the number and detail of the memoranda plaintiffs transmitted to defendants during the negotiations).

Meetings/Conferences Defendants also complain (Def. Mem., Ex. A at 1) about the 157 hours (or 6.9% of plaintiffs' 2287.2 fee claim hours) they say plaintiffs spent conferring with each other about all aspects of the case, from its pre-filing inception through the filing Settlement Agreement. *See* Def. Mem., Ex. A at 1. *King v. Turner*, 2007 WL 1219308 (D. Minn. 2007) defeats this plea. 2007 WL 1219308 * 2 (rejecting objection tot fee for "conferencing [time] . . . amount[ing\ to seven percent of the total fee requested"; "[plaintiff's] . . . success likely depends . . . on the consultation and insight from other attorneys [conferring together as to] how to [proceed]."

### B. The Requested Hourly Rates Are Reasonable

Fees awarded under 42 U.S.C. §12205 and 29 U.S.C. §794a, the fee shifting statutes here, "are to be based on market rates for the services rendered." *Missouri v. Jenkins*, 491 U.S. 274, 283 (1989). In obedience to this command, plaintiffs' counsel submitted, in support of their requested hourly rates (denominated in Statement at Column F), substantial evidentiary materials attesting to all billers' market rates (which were their requested rates). *See Blum v. Stenson* 465 U.S. 886, 895 (1984). These evidentiary materials included: plaintiffs' counsel's own declarations (Ex. B to Suggestions, Doc. 128-2); the declarations of three practicing attorneys in Missouri (Ex. D to Suggestions, Doc. 128-7); the most recent Missouri Lawyers Weekly Billing Rates Report (at Suggestions, Ex. E, Doc. 128-8).

Plaintiffs also cited (Suggestions at 10-11) no fewer than 12 recent federal and state court decisions in Missouri.

Defendants' counter to this showing is impoverished. They do not specifically dispute any of the attestations of plaintiffs' counsel in their declarations or their supporting attorney declarants, they do not take issue with the import of the cited Billing Rates Report, and they submit no evidentiary materials of their own. Moreover, save for *Hiltibran v. Levy*, 2011 WL 5008018 (W. D. Mo. 2011), they cite no case that they claim supports their position that "the claimed billable hourly rates are excessive." Def. Mem. at 5. Instead, they content themselves with little more than a bare assertion to this effect and "suggest" (*id.* at 7), citing no authority, save *Hiltibran*, that an hourly rate of $175 for Mssrs. Lehrer, Chackes and Ammann would be "reasonable." [4]

Defendants' reliance on *Hiltibran* is misplaced. Defendants cannot legitimately rely on a ruling that specifically approved (*Hiltibran*, 2011 WL 5008018 *1, 2-3) the hourly rates that three of plaintiffs' attorneys here and in *Hiltibran* (Mssrs. Ammann and Kennedy; Ms. Navarro)seek. Nor can they legitimately rely on *Hiltibran* to contest the reasonableness of the requested rates for plaintiffs' attorneys Eckles and Navarro, when their requested rates are either the same as or lower than the rates approved in *Hiltibran* for attorneys there of "comparable skill, experience, and reputation," *Blum*, 465 U.S. at 895, n. 11. Similarly, the hourly rate ($400) requested for Mssrs. Lehrer and Chackes is more than justified by these attorneys' "skill, experience, and reputation," *id.*, and by the evidence and case law attesting that their market rate is at least $400 hourly, *see* Suggestions at §II.B.2 (citing to evidence and case law).

---

[4] The plea to reduce the fee rate to $175 hourly is a plea to reduce the hourly rates of Mssrs. Lehrer and Chackes by 56.2%($400 to $175), and to reduce the hourly rate for Mr. Ammann by 41.7 % ($300 to $175). In contrast, the volume discount theory in *Hiltibran* that defendants rely upon effected (functionally) a 15% reduction in the hourly rates sought there. *Hiltibran*, 2011 WL 5008018 *5.

Defendants strain (Def. Mem. at 6-7) to gain traction from the *Hiltibran* Court's "volume discount" theory, discussed in Suggestions at 14-15. This effort is unavailing. For one thing, as defendants acknowledge (Def. Mem. at 6, n. 6), other than *Hiltibran*, there is no Eighth Circuit support for such a theory. For another, the theory, unmoored from any market based analysis, is contradicted by the entire corpus of Supreme Court and Eighth Circuit case law. *See* Suggestions at 15 & n. 7. For still another, even if the theory enjoyed any support in the case law, the methodology that plaintiffs employed to arrive at their principal fee claim in effect achieves a percentage reduction to it approaching the one defendants would achieve by utilizing the volume discount theory in *Hiltibran*. *See Hiltibran*, 2011 WL 5008018 *5 (applying theory by reducing "the claimed hours in *Hiltibran's* lodestar ... by ... fifteen percent"); Statement, Column E (showing that plaintiffs arrived at their fee claim by reducing their lodestar hours by 10%).

### III. Conclusion

The court should award plaintiffs $872,120 in attorneys' fees on their principal fee claim, with the fee awarded to each law office claiming fees being the sum set forth for it in the Statement.[5]

Respectfully submitted,

s/Robert E. Lehrer
One of the Attorneys for Plaintiffs

---

[5] The Court should also award plaintiffs $94,014 on their supplemental fee claim. *See* n. 1 above.

13

Kenneth M. Chackes
Chackes, Carlson & Halquist, LLP
230 S. Bemiston Ave. Suite 800
St. Louis, MO 63105
Phone: 314-872-8420
Fax:    314-872-7017
kchackes@cch-law.com

Robert E. Lehrer
Law Offices, Robert E. Lehrer
36 S. Wabash Ave. Suite 1310
Chicago, IL 60603
Phone: 312-332-2121
Fax:    312-422-0708
rlehrer@rlehrerlaw.com

John J. Ammann
Legal Clinic
Saint Louis University School of Law
321 N. Spring Street
St. Louis, MO 63108
Phone: 314- 977-2796
Fax:    314-977-1180
ammannjj@slu.edu

Susan K. Eckles
Managing Attorney
Missouri Protection and Advocacy Services
1992 Innerbelt Business Center Drive
Overland, MO 63114
Phone: 314-785-1702
Fax:    314-785-1707
susan.eckles@mo-pa.org

Attorneys for Plaintiffs