# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### CENTRAL DIVISION

CHRISTINE COMAS, et al.,     )
     )
     Plaintiffs,     )
     )
     v.     )     No. 10-4085-CV-C-MJW
     )
KEITH SCHAEFER, in his Official     )
Capacity as Director of Missouri     )
Department of Mental Health, et al.,     )
     )
     Defendants.     )

## ORDER

Pending before the Court are plaintiffs' motion for attorney fees (doc. 128) and supplemental motion for attorney fees (doc. 138). Plaintiffs also seek reimbursement for costs incurred by them during the course of the litigation. The parties have briefed extensively the two motions and the Court has carefully reviewed all of the relevant pleadings.

## I. Background

Plaintiffs in this class action under the Americans with Disabilities Act, 42 U.S.C. §§ 12131-12134 (ADA) and section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (RA), are a certified class of deaf persons in the State of Missouri who are in need of mental health services. Defendants are the Missouri Department of Mental Health (DMH), the Missouri Department of Social Services (DSS) and these agencies' Directors. Plaintiffs challenged interrelated DMH and DSS policies and practices concerning the delivery of mental health services to them and sought systemic changes in the State's delivery system. The case is an institutional reform case, a fact bearing directly on plaintiffs' motions for attorney fees, filed pursuant to 42 U.S.C. § 12205 and 29 U.S.C. § 794a, the fee-shifting provisions of the ADA and the RA. See Jenkins by Jenkins v. State of Missouri, 127 F.3d 709, 716 (8th Cir. 1997) ("Reimbursement for . . . fees . . . important . . . in accomplishing the purpose of . . . [civil rights cases for] long-term injunctive relief, such as institutional reform cases").

On February 10, 2012, following a lengthy negotiation process, under Rule 16 of the Federal Rules of Civil Procedure, which was supervised by the Court, the parties executed a Settlement Agreement (doc. 122). On May 7, 2012, the Court held a settlement approval hearing (doc. 132). And on May 10, 2012, the Court entered an Order, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, approving the settlement agreement and granted plaintiffs' motion to dismiss the case (doc. 134). The 35-page settlement agreement establishes significant policy and practice changes to the mental health delivery system for plaintiffs in the State of Missouri. See Agreement at § IV.1-25 (policy and practice changes involving, e.g.: coordination of the statewide system of care; promulgation and application of standards of care, outpatient and inpatient services, training of clinicians and others; sign language interpreters).

Paragraph VII of the Agreement describes the process for the Court's resolution of the motion for attorney fees. Only the amount of fees to be awarded plaintiffs is at issue because the relief the Agreement affords plaintiffs establishes that they are the prevailing parties and are entitled to a reasonable fee award. See Buckhannon Bd. and Care Home, Inc. v. W. Virginia Dep't of Health and Human Res., 532 U.S. 598, 604 (2001), Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

**II. Fee Requests**

In support of their initial motion for attorney fees (doc. 128), plaintiffs provided to the Court as exhibits, their Fee Statement (Ex. "A"), the declarations of plaintiffs' attorneys (Group Ex. B), these attorneys' time records (Group Ex. "C"), the declarations of three practicing attorneys in Missouri (Group Ex. "D"), and unreported decisions and an hourly billing rates survey (Group Ex. "E"). The Court has reviewed each of the exhibits with particular attention paid to the fee records.

In their initial motion (doc. 128), plaintiffs claim they are entitled to fees in the amount of $872,120.[1] In their opposition, defendants state plaintiffs should only be awarded fees in the amount of $190,050 (doc. 135). Thus, the parties are $682,070 apart in what they assert constitutes a reasonable initial attorney fee award.

---

[1]Plaintiff's Principal Fee Claim schedule is attached as Exhibit "A".

In plaintiffs' supplemental motion for attorney fees (doc.138), which consists primarily of time spent by plaintiffs' counsel litigating the attorney fee dispute (docs. 138, 142, 143, 147, and 149), plaintiffs seek an additional attorney fee award of $94,014.[2]  Defendants assert plaintiffs are only entitled to a supplemental award in the amount of somewhere between $18,847.50 and $24,647 (doc. 142).  The average of those two proposals by defendants is $21,747.50.  Consequently, the parties are $72,266.50 apart on what they assert constitutes a reasonable supplemental attorney fee award.

Plaintiffs seek a total fee award in the amount of $966,134.  Defendants assert plaintiffs are only entitled to a total fee award in the amount of approximately $211,797.  Thus, the parties are $754,337 apart in what they assert constitutes a reasonable total fee award in this litigation.

Plaintiffs also seek a supplemental award of costs in the amount of $1,657.04 (doc. 139).

**III. Discussion**

In their initial motion (Principal Fee Claim), plaintiffs moved for attorney fees, proposing the "lodestar" method, that is, calculation of the number of hours reasonably spent on the litigation multiplied by a reasonable hourly rate.  See Hanig v. Lee, 415 F.3d 822, 825 (8th Cir. 2005).  A district court has discretion to allow the "prevailing party" in a case under Title 42, United States Code, Section 1983, "a reasonable attorney's fee as part of the costs."  42 U.S.C. § 1988(b).  A "reasonable attorney's fee" contemplates "reasonable compensation, in light of all of the circumstances, for the time and effort expended by the attorney for the prevailing plaintiff, no more and no less."  Blanchard v. Bergeron, 489 U.S. 87, 93 (1989).  "[T]he lodestar method produces an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case."  Perdue v. Kenny A. ex rel. Winn, 130 S. Ct. 1662, 1672 (2010) (emphasis in original).  The Court agrees with plaintiffs that the most reasonable approach to resolving the fee dispute is to utilize the lodestar method.

Federal courts determine attorney fee awards in these cases by examining the Johnson factors:  (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the

---

[2]Plaintiff's Supplemental Fee Claim schedule is attached as Exhibit "B".

attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Easley v. Anheuser–Busch, Inc., 758 F.2d 251, 265 n.25 (8th Cir. 1985) (quoting Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717–19 (5th Cir. 1974)). Parties are expected to exercise "billing judgment" in claiming hours for attorney fees in civil rights actions just as they would for a client in the private sector. Hensley v. Eckerhart, 461 U. S. 424 (1983). Defendants claim plaintiffs' attorney fees claim of $872,120 is excessive and urge the Court to substantially reduce the amount awarded to $190,050. Defendants argue the only fees that are adequately documented in the fee records are those of the three class counsel who were appointed by the Court during the litigation. They further argue that the hourly rates for the three attorneys should be reduced as follows:

> 1) Kenneth M. Chackes - from $400/hour to $175/hour;
>
> 2) Robert E. Lehrer - from $400/hour to $175/hour;
>
> 3) John Ammann - from $300/hour to $175/hour.

Defendants further urge the Court to exclude any attorney fee awards to Thomas E. Kennedy, III, Heather B. Navarro, Anne E. Hillyer and Susan K. Eckles. Defendants contend these attorneys should not be compensated because they were not appointed class counsel and because, in some instances, their work was duplicative of the work of class counsel and unnecessary. Insufficient information is available to the Court, and it would not be a good use of the Court's limited time to try and delve into the intricacies and detail of why the services of those attorneys who assisted class counsel were necessary. Plaintiffs' counsel are respected members of the Bar, and the Court accepts their representation that the services were warranted and necessary. Nevertheless, defendants' argument that there was an excessive number of attorneys working on this class action on behalf of plaintiffs does seem to have some limited merit.

The Court has reviewed the August 6, 2012 edition of the *Missouri Lawyers Weekly*, which contains the annual billing rates of practicing attorneys in Missouri. The average 2012 Missouri attorneys' billing rate is $339/hour. See *Missouri Lawyer's Weekly, Special 16 page*

4

*Section on Billing Rates,* at BR2. The Court believes this is a reasonable hourly rate for the work done in the case and the positive results obtained. Accordingly, the Court will reduce the hourly rates of compensation for Mr. Chackes (requesting $400/hour), Mr. Lehrer (requesting $400/hour) and Mr. Kennedy (requesting $350/hour) to $339/hour. Although each of these attorneys specializes in civil rights litigation and is recognized as very skilled in this field of practice, the Court is not willing to award hourly rates in excess of the average Missouri billing rate. The State's budget is stretched to the limit and in the current economic climate, it does not seem reasonable for the Court to award fees in excess of this rate. The rates of the remaining individuals set forth in the Principal Fee Claim (Ex. "A") will remain as requested.[3]

Applying the above adjusted hourly rates, the total fee claim of Mr. Chackes will be reduced from $238,120 to $201,806. The claim of Mr. Lehrer will be reduced from $532,720 to $451,480. And the claim of Mr. Kennedy will be reduced from $11,340 to $10,983. The adjusted total fee award will be reduced from $872,120 to $754,209. The adjusted supplemental fee award claims are accordingly reduced for Mr. Chackes from $13,280 to $11,254, for Mr. Lehrer from $75,744 to $64,206, and for Mr. Kennedy from $630 to $610. Utilizing the same modified hourly rates, the adjusted supplemental fee award will be reduced from $94,014 to $80,430.

**IV. Additional Adjustments to Plaintiffs' Initial (Principal) Fee Request**

Defendants have urged the Court to reduce plaintiffs' initial attorney fee request by 78.2 percent, that is, a reduction from $682,070 to $190,050. By adjusting the hourly rates, the Court has already made a downward adjustment in the principal fee claim to $754,209. While the Court believes additional reductions are warranted, the drastic reduction the defendants suggest would not be appropriate in light of the successful results achieved by plaintiffs on behalf of the class. As noted above, a "reasonable attorney's fee" contemplates "reasonable compensation, in light of all of the circumstances, for the time and effort expended by the attorney for the prevailing plaintiff, no more and no less." <u>Blanchard</u>, 489 U.S. at 93; <u>see also Pennsylvania v. Delaware Valley Citizens' Council for Clean Air</u>, 478 U.S. 546, 562 (1986) ("[T]he benchmark

---

[3]The applicable hourly rates set forth here will also apply to the Plaintiffs' Supplemental Fee Claim.

for the awards under nearly all of these [fee-shifting] statutes is that the attorney's fee must be reasonable.").  The legislative history of section 1988 "explains that a reasonable attorney's fee is one that is adequate to attract competent counsel, but that does not produce windfalls to attorneys." <u>Blum v. Stenson</u>, 465 U.S. 886, 897 (1984) (internal quotations omitted).

"[T]he district court has wide discretion in making a fee award determination." <u>Philipp v. ANR Freight Sys., Inc.</u>, 61 F.3d 669, 675 (8th Cir. 1995) (affirming the reduction to $190,492.80 from a fee claim of $421,004.75).  Of note, the Supreme Court is clear that fee-shifting statutes, such as section 1988, "were not designed as a form of economic relief to improve the financial lot of attorneys, nor were they intended to replicate exactly the fee an attorney could earn through a private arrangement with his client." <u>Delaware Valley Citizens' Council for Clean Air</u>, 478 U.S. at 565.

Defendants urge the Court to reduce plaintiffs' fee claim because the claim is "excessive, duplicative and contains non-reimbursable items." (doc. 135 at p.3).  Plaintiffs vigorously dispute such claims and urge the Court to award them their requested fees in the amount of $872,120, asserting that the large reduction urged by defendants "does not square with the facts of the claim and flouts the case law." (doc. 136 at p.2).

The Court agrees with defendants that plaintiffs' principal fee request does appear excessive.  Defendants assert that the three appointed class counsel (Lehrer, Chackes, and Ammann) spent an excessive amount of time in the following categories:

| Task | Total Hours Billed |
| --- | --- |
| Communication/Work with Expert | 140 hours |
| Discovery | 399 hours |
| Depositions | 107 hours |
| Drafting of all Pleadings | 462 hours |
| Mediation/Settlement Efforts | 407 hours |
| Meetings – Other | 157 hours |
| Research | 211 hours |
| Attorney Fees Claim | 115 hours |
| Potential Clients | 84 hours |

6

The Court has taken the time to review the hourly billings submitted by counsel for plaintiffs in reaching this decision. It does appear to the Court that there was an unnecessary duplication of essentially the same tasks on a multitude of occasions by class counsel. An analysis of the above tasks demonstrates that each is somewhat excessive and that reductions to each category are appropriate based on the facts of this case and the history of this litigation. Defendants provide argument and specific examples of the excessiveness of the billings in its suggestions in opposition to plaintiffs' motion for attorney fees (doc. 135 at pp.7-15), which the Court finds persuasive. In addition, the Court has noted in its review of the billings that there appears to be redundant and excessive time entries for essentially the same tasks. See Webb v. Board of Educ. of Dyer Cty., 471 U.S. 234, 242 (1985) ("the amount to be awarded necessarily depends on the facts of each case, and that the exercise of discretion by the district court must be respected,") (internal citations and quotations omitted).

The Court also notes there were seven attorneys and one paralegal who submitted billable hours to the Court in the initial fee request. It does seem to the Court that it was not necessary to have seven lawyers working on this case on behalf of the class. And while the Court is not willing to exclude the billings of four of the attorneys, as defendants urge, it does seem to the Court that plaintiffs' appointed class counsel should have limited the number of attorneys working on this class action to a greater extent than was done.

It should also be mentioned that the class of affected deaf persons only consisted of approximately 1,500 to 1,700 class members, according to the Court's mediation notes. There was no trial and, to the credit of the parties, the case was eventually settled. There were only ten depositions taken during the course of the litigation. The Court has also reviewed the numerous discovery requests, interrogatories and expert reports submitted by plaintiffs as Exhibits "A" to "C-3" in plaintiffs' reply suggestions (doc. 136). The Court participated in four settlement conferences, each lasting approximately one-half day or less. However, because the case was settled, and it does not appear to the Court that the case was ever close to going to trial, a large amount of billable hours which would typically be attributed to trial preparation are not present in this litigation.

As a result, the Court finds that plaintiffs' adjusted initial (principal) fee claim should be reduced by an additional 15 percent because of the excessiveness and redundancy of the billings.

Finally, in <u>Hiltibran v. Levy</u>, 2011 WL 5008018, at 5 (Oct. 20, 2011), the Honorable Nanette Laughrey imposed a volume discount totaling 20 percent on a fee award. The Court finds Judge Laughrey's reasoning to be persuasive. There, the Court noted that "[t]he Missouri Lawyers Weekly report relied on by Hiltibran does not specify whether partners were able to collect at their standard rates for every hour worked on a case, even as they surpassed four hundred hours. . . ." <u>Id.</u> The Court further noted that attorney fees have been affected by "the national economic climate, which has led to increased client resistance to large attorney fees." <u>Id.</u> The Supreme Court has also recognized this reality, as applied to state and local governments:

> In many cases, attorney's fees awarded under § 1988 are not paid by the individuals responsible for the constitutional or statutory violations on which the judgment is based. Instead the fees are paid in effect by state and local taxpayers, and because state and local governments have limited budgets, money that is used to pay attorney's fees is money that cannot be used for programs that provide vital public services.

<u>Perdue</u>, 130 S. Ct. at 1676-77.

Here, the Court also believes a volume discount is appropriate. In making this additional reduction, the Court notes the strained economic condition of the State of Missouri's budget and on the economy nationally. The attorney fees here will be paid, in effect, by Missouri taxpayers. It is doubtful that plaintiffs' counsel would be able to collect their claimed rate from a private client at their claimed number of hours. Rather, at some point, private clients would begin to expect some sort of a volume discount on their fees, and plaintiffs' counsel would have to reduce their hours as a matter of good billing judgment. This is particularly true here because of the number of attorneys billing hours on behalf of the plaintiffs and because of the strained national economic conditions in the country, which has led to increased client resistance to large attorney fees. Because plaintiffs' counsel have already voluntarily reduced their countable fee claim hours by 10 percent, the Court will only reduce the adjusted initial fee claim by an additional 10 percent., consistent with the 20 percent reduction posed by Judge Laughrey in <u>Hiltibran</u>.

Applying the above reductions, the Court reduces plaintiffs' initial or principal attorney fee award by a total of 25percent, resulting in a reduction from $754,209 to $565,656.75.

**V. Additional Adjustments to Plaintiffs' Supplemental Fee Request**

Plaintiff's supplemental fee award has been reduced above from $94,014 to $80,430 based upon the hourly rate adjustments made by the Court. Plaintiffs' total requested fees for work on the attorney fee request totals 191.4 hours. Defendants argue the supplemental fee request for attorney fees is excessive and should be reduced by an amount varying from 77.8 percent ($69,366.50) to 80 percent ($75,166.50).

There is no dispute that a prevailing party is entitled to be compensated for services involved in litigation the attorney fee claim. Video Software Dealers Assoc. v. Webster, 817 F. Supp. 808, 810 (W.D. Mo. 1993). "Nevertheless, the district court has discretion to deny a plaintiff's second fee request in its entirety if the initial fee claims are exorbitant or the time devoted to presenting them is unnecessarily high." Id. In Video Software Dealers Assoc., the district court reduced the plaintiffs' claim of "$30,199.93 in attorneys' fees and costs incurred in litigating plaintiffs' original motion for attorneys' fees and costs" to $10,000. Id. at 810-12. Indeed, a "district court has the discretion to deny a plaintiff's second fee request in its entirety if the initial claims are exorbitant or the time devoted to presenting them is unnecessarily high." Id. at 810.

The Court finds that the amount claimed by plaintiffs for litigation of the motion and supplemental motion for attorney fees does appear to be excessive. In reaching this decision, the Court has carefully reviewed the pleadings filed by plaintiffs' counsel and has determined that an award of $80,430 is simply not warranted. While the pleadings submitted were well done and counsel should be commended, the Court does not believe the number of attorneys (5) working on the supplemental attorney fee claim and number of countable hours spent (239.4) are reasonable. In reaching this decision, the Court has reviewed the fee records and has considered the length and complexity of the issues set forth in each pleading filed. The same analysis that justifies the hours spent litigating the underlying claim does not apply to hours spent preparing the fee request, which is more administrative in nature. The Court also considers as a factor in the reduction of these fees the State of Missouri's budget crisis and the current state economic conditions.

The Court finds persuasive Judge Laughrey's analysis in the Hiltibran v. Levy decision, id. at *3-4, on the same issue. There, Judge Laughrey reduced the amount claimed for preparing

9

the fee request by 50 percent. Here, because the initial fee request was somewhat excessive, and for the additional reasons stated above, the Court believes that good billing judgment requires a substantial reduction in the supplemental fee award. As a result, the Court will reduce the amount of the modified supplemental fee award by 50 percent, resulting in an adjusted supplemental fee award in the amount of $40,215.

**VI. Conclusion**

Accordingly, it is ORDERED that:

1) Plaintiffs' initial motion for attorney fees (doc. 128) is GRANTED, in part, and DENIED, in part. Plaintiffs are awarded attorney fees on their initial claim in the reduced amount of $565,656.75;

2) Plaintiffs' supplemental motion for attorney fees (doc. 138) is also GRANTED, in part, and DENIED, in part. Plaintiffs are awarded additional attorney fees on their supplemental claim in the reduced amount of $40, 215;

3) Plaintiffs' supplemental bill of costs (doc. 139) is GRANTED. Plaintiffs are awarded additional costs in the amount of $1,657.04.

Dated this 29th day of October, 2012, at Jefferson City, Missouri.


/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge

10